UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAY 17 2007
CLERK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | * | CIV 07-4057 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| MERLE D. LEWIS, | * | |
| Defendant. | * | |

The Defendant filed a Consent, Doc. 3, admitting the Court's jurisdiction over him and the subject matter of this action. He also consented to the entry of the proposed final Judgment, which includes the imposition of a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The Court will consider the penalty in this case a Tier III penalty under these two statutes, which require that the Defendant's violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and that "such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(C), and 15 U.S.C. § 78u(d)(3)(B)(iii).

Courts considering the amount of Tier III penalties to impose under these statutes cite a variety of factors, including, "the seriousness of the violations, the defendant's intent, whether the violations were isolated or recurring, whether the defendant has admitted wrongdoing, the losses or risks of losses caused by the conduct, ... any cooperation the defendant provided to enforcement authorities ... [and] other sanctions the defendant faces, whether criminal or civil," *United States Sec. and Exch. Comm'n v. Church Extension of the Church of God, Inc.*, 429 F.Supp.2d 1045, 1050-51 (S.D. Ind. 2005) (citations omitted), and "the defendant's financial worth," *Securities and Exch.*

*Comm'n v. Sargent*, 329 F.3d 34, 42 (1st Cir. 2003). *See Securities and Exch. Comm'n v. Yun*, 148 F.Supp.2d 1287, 1295 (M.D. Fl. 2001) (same).

In this action, the Court was presented with nothing more than the Complaint, Consent of the Defendant and a proposed Final Judgment. The Court is generally familiar with the facts of this case because the litigation in *In re NorthWestern Corp. Sec. Litig.*, CIV 03-4049 (D.S.D.) and *In re: Northwestern Derivative Litigation*, CR 03-4091 (D.S.D.) were pending before this Court and various hearings were held in those actions. On the other hand, there is nothing in the record concerning the financial worth of the Defendant, which is one of the factors referred to above and is one of the factors the Court will consider in determining whether to accept the proposed Consent of the Defendant. The Court will require the parties to provide additional information as to why the proposed $150,000 penalty should be adopted by the Court, including the Defendant's financial worth and the amount of direct and indirect compensation the Defendant received while employed as the chief executive officer and chairman of the board of NorthWestern Corporation. Accordingly,

> IT IS ORDERED that, on or before June 5, 2007, the parties shall provide the Court with information as to why a $150,000 civil penalty should be adopted by the Court, including the Defendant's financial worth and the amount of direct and indirect compensation the Defendant received while employed as the chief executive officer and chairman of the board of NorthWestern Corporation.
>
> Dated this 17th day of May, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Trudy Margulies*
DEPUTY

2